UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. |
| | ) |
| LARRY L. FLEWELLING | ) |
| Defendant, | ) |
| | ) ) |
| UAP DISTRIBUTION, INC. | ) ) |
| Party-In-Interest. | ) |

COMPLAINT FOR FORECLOSURE

NOW COMES the United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Evan J. Roth, Assistant United States Attorney, and for its cause of action alleges:

1. That this Court has jurisdiction under the provisions of 28 U.S.C. §1345.

2. That on information and belief the Defendant, Larry L. Flewelling, last resided at 486 Lake Rd., Monticello, ME 04760.

3. That on or about June 18, 2001, said Defendant obtained a loan from the United States of America, United States Department of Agriculture (hereinafter called "the Government") in the amount of $72,000.00.  Said loan was rescheduled March 30, 2004, in the amount of $18,552.16.  Said loan is evidenced by two certain Promissory Notes of even dates and amounts, to be repaid according to the terms set out therein.  Copies of said Promissory Notes are attached hereto, marked Exhibits A and B and are incorporated herein by reference.

4. That on or about July 21, 2003, said Defendant obtained a loan from the Government in the amount of $54,500.00. Said loan was rescheduled March 30, 2004, in the amount of $55,477.44. Said loan is evidenced by two certain Promissory Notes of even dates and amounts, to be repaid according to the terms set out therein. Copies of said Promissory Notes are attached hereto, marked Exhibit C and D and are incorporated herein by reference.

5. That on or about June 23, 2004, said Defendant obtained a loan from the Government in the amount of $54,500.00. Said loan was rescheduled May 16, 2005, in the amount of $55,903.63. Said loan is evidenced by two certain Promissory Notes of even dates and amounts, to be repaid according to the terms set out therein. Copies of said Promissory Notes are attached hereto, marked Exhibit E and F and are incorporated herein by reference.

6. That on or about June 9, 2006, said Defendant obtained a loan from the Government in the amount of $54,500.00. Said loan is evidenced by one certain Promissory Note of even date and amount, to be repaid according to the terms set out therein. A copy of said Promissory Note is attached hereto, marked Exhibit G and is incorporated herein by reference.

7. That to secure the repayment of said indebtedness, and other purposes, said Larry F. Flewelling, on June 23, 2004, May 16, 2005, and June 9, 2006, duly executed, acknowledged, and delivered to the Government three certain Real Estate Mortgages whereby he granted, bargained, and sold to the Government the following premises:

A certain lot or parcel of land, situated in Monticello, Aroostook County, Maine, bounded and described as follows:

Part of Lot No. 14 in said Monticello, bounded and described as follows:

Commencing at the point of intersection of the northerly sideline of the Lake Road, so-called, with the West Line of said Lot No. 14, thence easterly and along the said sideline of the said Lake Road, a distance of 700 feet, more or less, to a wooden stake set in the ground, and point of beginning; thence northerly and parallel with the said West Line of

    Lot No. 14, a distance of 300 feet, more or less, to a wooden stake set in the ground; thence easterly and at right angles, a distance of 300 feet, more or less, to a wooden stake set in the ground; thence southerly and parallel with the said West Line of said Lot No. 14, a distance of 300 feet, more or less, to a wooden stake set in the ground on the northerly sideline of the said Lake Road; thence westerly and along the said sideline of the said Lake Road, a distance of 300 feet, more or less, to a wooden stake and point of beginning, containing 2 acres, more or less.

    Subject to a Right of Way acquired by Herbert C. Haynes, Inc. in Vol. 2134, Page 69 and Vol. 2152, Page 281 of the Southern Aroostook Registry of Deeds.

    Being the same premises conveyed to Larry L. Flewelling by Warranty Deed from Jerry W. Flewelling and Gloria J. Flewelling, and recorded in the Southern Aroostook Registry of Deeds August 30, 2002 in Book 3702, Page 175.

    This parcel is subject to a first mortgage held by First Citizens Bank dated August 30, 2002 and recorded in the Southern Aroostook Registry of Deeds in Book 3702, Page 177.

    8.   That said Mortgages were duly recorded in the Southern Aroostook County Registry of Deeds in Book 3990, Page 328; Book 4122, Page 234 and Book 4291, Page 166.  Copies of said Mortgages, are attached hereto, marked Exhibits H, I, and J, and are incorporated herein by reference.

    9.   That the Promissory Notes provide that failure to make payments when due, or failure to refinance the loan when requested to do so by the United States of America, or to perform any other agreement contained therein shall constitute default under said Promissory Notes and any other instrument evidencing a debt of the borrower's owed to or insured by the Government, on any instrument securing or otherwise relating to such a debt; and that a default under any other such instrument shall constitute a default under said Promissory Notes.

    10.   That the Defendant, Larry L. Flewelling, failed to comply with the provisions and conditions of the said Promissory Notes and Real Estate Mortgages by failing to make payments of principal and interest when due.

11. That the United States of America, acting through the United States Department of Agriculture, is the present owner and holder of the said Promissory Notes and Real Estate Mortgages.

12. That because of the breach of the provisions of the said Promissory Notes and Real Estate Mortgages, the Government hereby declares the entire amount of the indebtedness evidenced by the said Promissory Notes and secured by the Real Estate Mortgages to be immediately due and payable.

13. That there is now justly due the United States of America on the said Promissory Notes secured by the Real Estate Mortgages the following sums:

| | |
|---|---|
| (a) Principal and advances……………………….. | $137,731.06 |
| (b) Interest through May 1, 2014 | $35,028.67 |
| TOTAL | $172,759.73 |

together with interest at the daily accrual of $14.6606 thereafter.

14. That on information and belief, Plaintiff may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments, and maintenance in order that it may protect and preserve its security, but the nature and amount thereof is unknown to Plaintiff at this time. Nevertheless, Plaintiff seeks recovery thereof and therefor, together with interest thereon.

15. That no other action has been brought at law or in equity to enforce the provisions of the aforesaid Promissory Notes and Real Estate Mortgages and that all conditions precedent to

the bringing of the action have been performed or have occurred.  The Plaintiff has complied with the requirements of 7 CFR §766.

16.  That the Party-In-Interest, UAP Distribution, Inc., has been joined herein because it has, or claims to have some interest in the mortgaged premises, or some part thereof, which interest, if any, is subsequent or subordinate to the liens of the Mortgages which are the subject of this action.  UAP Distribution, Inc.'s interest in this property is by virtue of a Writ of Execution dated June 23, 2009, and recorded in the Southern Aroostook County Registry of Deeds in Book 4722, Page 28.

WHEREFORE, the Plaintiff demands judgment as follows:

(a)  That the Defendant, subsequent to the filing of a copy of the Complaint instituting this action in the Office of the Southern Aroostook County Registry of Deeds, in which said mortgaged premises are situated, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, liens, and any equity of redemption in the mortgaged premises;

(b)  That said premises may be decreed to be sold pursuant to 28 U.S.C. §2001;

(c)  That the amount due to the Plaintiff on its Promissory Notes and Real Estate Mortgages may be adjudged;

(d)  That the monies arising from this sale may be brought to Court;

(e)  That the Plaintiff may be paid the amount adjudged to be due to Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale so far as the amount so such money properly applicable thereto will pay the same;

(f)  That the Defendant, Larry L. Flewelling, deliver possession of property to the successful bidder at the foreclosure sale 10 days after the date of sale; and

(g)  That a Judgment for the deficiency, if any, be entered by the Court in favor of Plaintiff; and

(h)  That the Plaintiff may have such other and further relief in the premises as shall be just and equitable.

Dated at Portland, Maine, this 1st day of May, 2014.

        UNITED STATES OF AMERICA
        THOMAS E. DELAHANTY II
        UNITED STATES ATTORNEY


By:  /s/ Evan J. Roth
        Evan J. Roth
        Assistant U.S. Attorney
        100 Middle Street
        East Tower, 6th Floor
        Portland, Maine 04101
        207-771-3245
        Evan.roth@usdoj.gov